AO245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
|  | (For Revocation of Probation or Supervised Release) |
| V. |  |
|  | Case Number: 8:06-cr-236-T-26MAP |
|  | 8:06-cr-321-T-26MSS |
| DREW DEMING | USM Number: Unknown |
|  |  |
|  | ___Mary Mills, pda___ |
| _____ | Defendant's Attorney |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge number(s) ___1 - 10___ of the term of supervision.

_____ was found in violation of charge number(s) _____ after denial of guilt.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|

See page 1A

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____ The defendant has not violated charge number(s) _____ and is discharged as to such violation charge(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

___June 6, 2008___
Date of Imposition of Judgment

_[signature]_
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

___6/9/08___
Date

Defendant:   Drew Deming                                                         Judgment - Page __1A__
Case No.:    8:06-cr-236-T-26MAP
             8:06-cr-321-T-26MSS

| **Violation Charge Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | New conviction for conduct, obtaining property In return for worthless check occurring on 1/8/05 | June 6, 2008 |
| 2 | New conviction for conduct, scheme to defraud Occurring on 1/9/2005 | June 6, 2008 |
| 3 | New conviction for conduct, obtaining property In return for worthless check occurring on 1/9/05 | June 6, 2008 |
| 4 | New conviction for conduct, obtaining property In return for worthless check occurring on 1/10/05 | June 6, 2008 |
| 5 | New conviction for conduct, obtaining property In return for worthless check occurring on 1/9/05 | June 6, 2008 |
| 6 | New conviction for conduct, scheme to defraud, Occurring between 9/27/06, and 10/2/06 | June 6, 2008 |
| 7 | Failure to make restitution | June 6, 2008 |
| 8 | Positive Urinalysis | June 6, 2008 |
| 9 | New criminal conduct, obtaining property in Return for worthless check, occurring on 6/7/07 | June 6, 2008 |
| 10 | New criminal conduct, obtaining property in Return for worthless check occurring on 6/8/07 | June 6, 2008 |

| | | |
|---|---|---|
| Defendant: | Drew Deming | Judgment - Page  2  of  4 |
| Case No.: | 8:06-cr-236-T-26MAP | |
| | 8:06-cr-321-T-26MSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **TIME SERVED**

_____ The Court makes the following recommendations to the Bureau of Prisons:


_____ The defendant is remanded to the custody of the United States Marshal.

_____ The defendant shall surrender to the United States Marshal for this district:

    _____ at _____ a.m.    p.m.    on _____.

_____ as notified by the United States Marshal.

_____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    _____ before 2 p.m. on _____.

    _____ as notified by the United States Marshal.

    _____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.


UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

| | | |
|---|---|---|
| Defendant: | Drew Deming | Judgment - Page 3 of 4 |
| Case No.: | 8:06-cr-236-T-26MAP | |
| | 8:06-cr-321-T-26MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS with SIX (6) MONTHS home detention.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

## ALL PREVIOUS CONDITIONS REMAIN THE SAME

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

| | |
|---|---|
| Defendant: Drew Deming | Judgment - Page 4 of 4 |
| Case No.: 8:06-cr-236-T-26MAP<br>8:06-cr-321-T-26MSS | |

## ADDITIONAL SUPERVISED RELEASE TERMS

(1) The defendant shall participate in the Home Detention program for a period of **SIX MONTHS**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

(2) The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's sliding scale for substance abuse treatment services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

(3) The defendant shall provide the probation officer access to any requested financial information.

(4) The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

(5) No checking account.

(6) $100 a month towards restitution.